UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | | |
|---|---|---|
| TIMOTHY HOFFNER, | : | CASE NO. 3:05-CV-00687 |
| Petitioner, | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. No. 79, 82.] |
| MARGARET BRADSHAW, | : | |
| Respondent. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court considers Respondent Warden Margaret Bradshaw's ("Warden") motion for leave to amend her return of writ. [Doc. 79.] Petitioner Hoffner opposes the Respondent's motion. [Doc. 82.]

For the reasons discussed below, the Court **GRANTS** the Respondent's motion for leave to amend her return of writ.

**I. Background**

On January 6, 2006, Petitioner Hoffner filed a petition for a writ of habeas corpus. [Doc. 29-1.] In his fourth claim for relief, Hoffner presented an ineffective assistance of appellate counsel claim. *Id.* On January 26, 2006, the Petitioner moved the Court to hold the case in abeyance until he exhausted his fourth claim for relief with a *Murnaham* application in state court. [Doc. 31-1.] After concluding the *Murnahan* appeal, on June 15, 2007, Hoffner filed a brief in support of his claim for ineffective assistance of appellate counsel. [Doc. 68.] On July 16, 2007, the Warden filed

-1-

Case No. 3:05-CV-00687
Gwin, J.

an amended return of writ as to Hoffner's ineffective assistance of appellate counsel claim. [Doc. 69.] Hoffner replied in support of his fourth claim on July 30, 2007. [Doc. 73.]

On September 18, 2007, the Warden filed a motion for leave to amend her return of writ as to Hoffner's fourth claim for relief, ineffective assistance of appellate counsel. [Doc. 79.] The respondent wishes to add the affirmative defense of statute of limitations to her return of writ. *Id.* The Warden argues that this defense has merit because when Hoffner submitted his *Brief in Support of Petitioner's Claim for Ineffective Assistance of Appellate Counsel* [Doc. 68.], he "submitted a different claim of ineffective assistance of appellate counsel than was previously brought in his initial habeas petition." [Doc. 79.] She says, "Hoffner's 'death first' erroneous instruction claim was clearly not brought (as part of his fourth ground for relief) in his original habeas petition." *Id.* She claims that the addition of this claim violates the one year statute of limitations provided for in 28 U.S.C. § 2244(d)(1); she says Hoffner's statute of limitations period expired on January 9, 2006. *Id.* She cites *Mayle v. Felix*, 545 U.S. 644 (2005) to argue "that an amended habeas petition does not relate back (thus avoiding AEDPA's one year statutory period) when it asserts a new ground for relief that differs in both time and type from those set forth in the original petition." [Doc. 79.] The Warden claims Hoffner's death-first instruction claim so differs from his original petition; therefore, the claim does not relate back and is barred under the one year statute of limitations. *Id.*

On October 5, 2007, Hoffner opposed the Respondent's motion for leave to amend. [Doc. 82.] He says the Court should deny leave to amend because the amendment is futile: "Respondent's statute of limitations defense lacks merit, and any proposed amendment would therefore be futile." *Id.* First, Hoffner states that he raised the "death first" claim in his original Petition, and therefore, "Hoffner's ineffective assistance claim is timely in its entirety." *Id.* Second, assuming that he failed

-2-

Case No. 3:05-CV-00687
Gwin, J.

to raise this claim in his Petition, Hoffner argues that "he could have moved to amend his habeas petition to include this claim" because his "'death first' argument relates back, even under *Mayle*'s more stringent conception of the same conduct, transaction or occurrence." *Id.*

## II. Legal Discussion

The governing rule, "Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Rule 11, allows pleading amendments with 'leave of court' any time during a proceeding." *Mayle*, at 655. Rule 15 provides, "[A] party may amend the party's pleading . . . by leave of court . . . ; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The decision to grant or deny leave to "amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When deciding whether to permit amendment, courts consider any "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Id.* With regard to futility, the Sixth Circuit has held that "A court need not grant leave to amend . . . where amendment would be 'futile.'" *E.g.*, *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (citation omitted). Usually arising in the context of motions for leave to amend complaints, courts find futility "when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Id.* Thus, courts may deny leave to amend when a proposed amendment fails to "state a claim upon which relief can be granted." *See* FED. R. CIV. P. 12(b)(6).

While courts may deny leave to amend on the grounds discussed above, courts interpret Rule

-3-

Case No. 3:05-CV-00687
Gwin, J.

15(a) "as setting forth a 'liberal policy of permitting amendments to ensure the determination of claims on their merits.'" *Oleson v. U.S.*, 27 Fed.Appx. 566, 569 (6th Cir. 2001) (citations omitted).

Here, with the liberal policy of Rule 15(a) in mind, the Court grants the Respondent leave to amend her return of writ. The Court finds her statute of limitations defense more appropriately considered on its merits. At the least, the Warden provides a defense upon which relief could be granted. While the Court rejects the Petitioner's futility argument with regard to granting leave to amend the Respondent's return of writ, the Court will consider both the Respondent's and the Petitioner's arguments while addressing the statute of limitations defense on its merits.

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** the Respondent's motion for leave to amend her return of writ.

IT IS SO ORDERED.


Dated: October 16, 2007                             s/            *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE