UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
--------------------------------------------------------
:
TIMOTHY HOFFNER, : CASE NO. 3:05-CV-00687
:
        Petitioner, :
:
vs. : OPINION & ORDER
: [Resolving Docs. No. 68, 69, 73, 74, 75.]
MARGARET BRADSHAW, WARDEN :
:
        Respondent. :
:
--------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      With this Opinion and Order, the Court decides whether to grant Petitioner Timothy Hoffner's ("Hoffner") requests for an evidentiary hearing and the opportunity to expand the record as to his fourth claim for relief, ineffective assistance of appellate counsel. [Docs. 68, 73, 74.] The Respondent, Warden Margaret Bradshaw ("Warden"), opposes both requests. [Docs. 69, 75.]

      For the reasons stated below, the Court **DENIES** the Petitioner's requests for an evidentiary hearing and the opportunity to expand the record.

**I. Background**

      On January 6, 2006, Petitioner Hoffner filed a petition for a writ of habeas corpus. [Doc. 29-1.] In his fourth claim for relief, he presented an ineffective assistance of appellate counsel claim. *Id.* On January 26, 2006, the Petitioner moved the Court to hold the case in abeyance

-1-

Case No. 3:05-CV-00687
Gwin, J.

until he exhausted his fourth claim for relief with a *Murnahan* application in state court. [Doc. 31-1.] Hoffner then filed the application in the Ohio Sixth District Court of Appeals pursuant to Ohio Rule of Appellate Procedure 26(B). [Doc. 52-2.]

On August 24, 2006, the Ohio Court of Appeals denied Hoffner's application as untimely under Rule 26(B) and on the merits. [Doc. 52-2: *State of Ohio v. Hoffner*, Lucas County Court of Appeals No. L-95-181.] First, the Court of Appeals found the application untimely pursuant to Rule 26(B)'s ninety day time limit:

> In the instant case, appellant is attempting to reopen the March 23, 2001 direct appellate judgment. He did not file his application for reopening until June 6, 2006, more than five years after the appellate judgment. The application is untimely on its face.

*Id.* Second, the Court of Appeals found that Hoffner failed to establish good cause to excuse his untimely filing. *Id.* The Court of Appeals further rejected the Petitioner's claim that Rule 26(B) is unconstitutional. *Id.* Finally, the Court of Appeals analyzed and denied Hoffner's claim of ineffective assistance of appellate counsel on the merits. *Id.*

On February 14, 2007, the Supreme Court of Ohio affirmed the Court of Appeals' denial. [Doc. 58-2: *Ohio v. Hoffner*, 112 Ohio St.3d 467 (2007).]

On June 15, 2007, Hoffner filed a brief in support of his claim for ineffective assistance of appellate counsel in this Court. [Doc. 68.] In the caption of the brief, he requests an evidentiary hearing. *Id.* Beyond the language in the caption, Hoffner's only reference to a hearing request appears in one sentence in the brief's "Cause and Prejudice" section:

> Even if Rule 26(B) provided an adequate basis for denying habeas review, Hoffner's failure to comply with Rule 26(B) is excused under the "cause" and "prejudice" standard set forth in the fourth *Maupin* element. The record makes this clear, but to the extent the Court deems additional evidence necessary or useful, Hoffner respectfully requests an evidentiary hearing to further establish

-2-

Case No. 3:05-CV-00687
Gwin, J.

cause and prejudice.

*Id.*

On July 16, 2007, the Warden filed an amended return of writ as to Hoffner's ineffective assistance of appellate counsel claim. [Doc. 69.] With regard to the Petitioner's request for an evidentiary hearing, the Respondent moves the Court to deny the request because Hoffner allegedly fails to meet the requirements of 28 U.S.C. § 2254(e)(2). *Id.*

On July 30, 2007, Hoffner replied in support of his fourth claim and included some argument to support his request for a hearing. [Doc. 73.] First, he says, "The Warden believes that there may be an issue of strategy as to why the addressed direct appeal issues were not raised by appellate counsel." *Id.* The Petitioner informed the Court that he would be presenting the affidavit of Hoffner's direct appeal counsel to address the issue. *Id.* He also offered that if "the Court wants to address the issue in a hearing to allow questioning by the Warden, the Petitioner believes that this would be entirely appropriate." *Id.* Second, the Petitioner presents three conditions that mandate granting an evidentiary hearing; however, he neither cites authority for this proposition nor applies the rule to Hoffner's case. Third, arguing that the Court has broad discretion and power to hold an evidentiary hearing, the Petitioner concludes, "[E]ven where an evidentiary hearing is not mandatory, this Court should exercise its discretion and grant Petitioner an evidentiary hearing." *Id.* Hoffner draws attention to the fact that "[a]t no time was he permitted an evidentiary hearing in state court to present these claims." *Id.*

On August 26, 2007, the Petitioner filed a motion to expand the record with the affidavit of direct appeal counsel, Spiros Cocoves, pursuant to Rule 7 of the Rules Governing Section 2254 Cases. [Doc. 74-1.] The Petitioner claims that the Court should grant its motion because "Cocoves' affidavit is relevant" to Hoffner's fourth claim. *Id.* He says the affidavit is "essential

-3-

Case No. 3:05-CV-00687
Gwin, J.

to establish the rebuttal to a claim that the issues were not raised for strategic reasons." *Id.*

On September 10, 2007, the Respondent opposed Hoffner's motion to expand the record. [Doc. 75-1.] The Respondent again points to the requirements of 28 U.S.C. § 2254(e)(2). *Id.* She claims that this Court may not consider the affidavit because the Petitioner never presented it in the relevant state court proceedings. *Id.* Therefore, "the 'due diligence' component of 28 U.S.C. § 2254(e)(2) precludes this Court from relying upon the Cocoves affidavit for the purposes of habeas review." *Id.*

## II. Legal Standard

The Court presents the legal standards governing the granting of evidentiary hearings and expansion of the record separately. The Court ultimately concludes that it must consider 28 U.S.C. § 2254(e)(2) in making both determinations.

### A. Legal Standard for Granting Evidentiary Hearing Request

Before the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA" or "the Act"), "the decision to grant an evidentiary hearing was generally left to the sound discretion of district courts." *Schriro v. Landrigan*, 127 S.Ct. 1933, 1939 (2007) (citing *Brown v. Allen*, 344 U.S. 443, 463-64 (1953); *Townsend v. Sain*, 372 U.S. 293, 313 (1963)). This grant of discretion is now subject to the constraints of AEDPA, but generally remains in tact: "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e)(2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro*, 127 S.Ct. at 1937, 1939.

Thus, courts must begin their inquiry with AEDPA's 28 U.S.C. § 2254(e)(2). This

-4-

Case No. 3:05-CV-00687
Gwin, J.

section provides that if an applicant fails to "develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that --

> (A) the claim relies on:
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

With this provision, AEDPA seeks to "further the principles of comity, finality, and federalism":

> "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."
> *O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). For state courts to have their rightful opportunity to adjudicate federal rights, the prisoner must be diligent in developing the record and presenting, if possible, all claims of constitutional error. If the prisoner fails to do so, himself or herself contributing to the absence of a full and fair adjudication in state court, § 2254(e)(2) prohibits an evidentiary hearing to develop the relevant claims in federal court, unless the statute's other stringent requirements are met.

*Williams v. Taylor*, 529 U.S. 420, 436-37 (2000).

A court must first decide if the particular case triggers § 2254(e)(2) by determining if the "applicant has failed to develop the factual basis of a claim in State court proceedings." 28 U.S.C. § 2254(e)(2). The applicant so fails when "there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Greer v. Mitchell*, 264 F.3d 663, 681

Case No. 3:05-CV-00687
Gwin, J.

(6th Cir. 2001) (quoting *Williams*, 529 U.S. at 432).  "The question is not whether the facts could have been discovered but instead whether the prisoner was diligent in his efforts."  *Williams*, 529 U.S. at 435.  Courts must determine "whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court."  *Id.*; *Garner v. Mitchell*, 2007 WL 2593514, 8 (6th Cir. 2007).

At a minimum, diligence requires that petitioners request an evidentiary hearing "in state court in the manner prescribed by state law."  *Williams*, 529 U.S. at 437.  Petitioners who request an evidentiary hearing in the appropriate state court proceedings are sufficiently diligent, even when the state court fails to grant the request.  *E.g.*, *Greer*, 264 F.3d at 681 (finding that the "petitioner pursued his ineffective assistance of appellate counsel claim with proper diligence, raising it first-albeit prematurely-in his petition for post-conviction relief and then in his motion for delayed reconsideration").

If a court finds that the applicant failed to develop the factual basis of a claim in state court, the applicant is subject to the strict requirements of 28 U.S.C. § 2254(e)(2):

> Under those circumstances, a federal court may grant an evidentiary hearing only if the claim relies on "a new rule of constitutional law" or facts "that could not have been previously discovered through the exercise of due diligence"; *and* "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

*Hutchison v. Bell*, 303 F.3d 720, 729 (6th Cir. 2002) (citation omitted) (emphasis in original).


**B.  Legal Standard for Granting Request for Expansion of Record with Affidavit**

Rule 7(a) of the Rules Governing Section 2254 Cases states, "[T]he judge may direct the parties to expand the record by submitting additional materials relating to the petition."  FED.

-6-

Case No. 3:05-CV-00687
Gwin, J.

HABEAS R. 7(A). Rule 7(b) continues, "Affidavits may also be submitted and considered as part of the record." FED. HABEAS R. 7(b).

The Sixth Circuit recently held, "[W]hen expansion of the record is used to achieve the same end as an evidentiary hearing, the petitioner ought to be subject to the same restraints that would be imposed if he had sought an evidentiary hearing." *Samatar v. Clarridge*, 225 Fed. Appx. 366, 375 (6th Cir. 2007) (citing *Owens v. Frank*, 394 F.3d 490, 499 (7th Cir. 2005) ("Thus, to introduce the new affidavits, Mr. Owens must satisfy the standards of 2254(e)(2)."); *see also Garner*, 2007 WL at 8 ("[A] prisoner may introduce new evidence in support of an evidentiary hearing or relief without an evidentiary hearing 'only if [the prisoner] was not at fault in failing to develop that evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) were met.'") (citing *Holland v. Jackson*, 542 U.S. 649, 652-53 (2004)).

Thus, courts must consider 28 U.S.C. § 2254(e)(2) when deciding whether to grant petitioners' requests to expand the record with affidavits.

### III. Legal Analysis

The Petitioner requests an evidentiary hearing and the opportunity to expand the record with the affidavit of direct appeal counsel, Spiros Cocoves. [Docs. 68, 73, 74.] As a preliminary matter, the Court must determine the scope of the evidentiary hearing Hoffner requests.

Hoffner first requested an evidentiary hearing in this matter in his brief in support of his fourth claim. [Doc. 68.] As noted above, Hoffner only mentioned the request in the caption of the brief and in one sentence in the argument portion of the brief. *Id.* He provided no legal or

Case No. 3:05-CV-00687
Gwin, J.

factual argument to support his request. *Id.* In fact, in the "Cause and Prejudice" section of the brief in which he references the request, he suggests that the Court does not need a hearing: Hoffner states, "The record makes [his point] clear, but to the extent the Court deems additional evidence necessary or useful, Hoffner respectfully requests an evidentiary hearing to further establish cause or prejudice." [Doc. 68.] Hoffner makes no other mention of the hearing request in the brief. *Id.*

Thus, the Court finds that the Petitioner requests an evidentiary hearing in this brief only to the extent the Court "deems additional evidence necessary or useful." *Id.* At this time, the Court does not need a hearing to address the parties' cause and prejudice arguments. If the Court should later determine that such evidence is "necessary or useful," it will then address whether it may hold an evidentiary hearing regarding the parties' cause and prejudice arguments.

The Petitioner's request for an evidentiary hearing evolved in his Reply to the Warden's amended return of writ. *See* [Doc. 73.]. Here, for the first time, Hoffner presented legal and factual argument in support of a hearing request. *Id.* He began his argument, "[T]here may be an issue of strategy as to why the addressed direct appeal issues were not raised by appellate counsel." *Id.* The Court assumes that this is the only factual issue Hoffner seeks to develop through an evidentiary hearing and expansion of the record because he mentions no other factual allegations. *Id.* Accordingly, the Court finds that the Petitioner's request for an evidentiary hearing here is limited in scope to addressing the question of whether appellate counsel did not raise certain issues on appeal for strategic reasons.

The scope of Hoffner's request to expand the record to include the affidavit is clearly defined. The affidavit similarly addresses the strategy issue: "Mr. Cocoves specifically avers

-8-

Case No. 3:05-CV-00687
Gwin, J.

that he did not fail to raise any issue for strategic reasons." [Doc. 74.]

Thus, with this Opinion and Order, the Court decides whether to grant the Petitioner's requests for an evidentiary hearing and expansion of the record with the affidavit as to whether appellate counsel failed to raise issues on appeal for strategic reasons.

First, the Court finds that Petitioner Hoffner "failed to develop the factual basis of [his] claim in State court proceedings," thereby invoking the requirements of 28 U.S.C. § 2254(e)(2). The Court has reviewed the record of the relevant state court proceedings. *See* [Docs. 71, 72.]. Putting aside Hoffner's five year delay in raising the ineffective assistance of appellate counsel claim in state court, the Petitioner never requested an evidentiary hearing or submitted the Cocoves affidavit in the state court proceedings. *Id.* His failure to attempt to develop the factual basis of his claim in state court falls short of the *Williams* minimal requirement of diligence. *Williams*, 529 U.S. at 437 ("Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law.").

Because Hoffner failed to develop the factual basis of his claim in state court, he must meet the stringent requirements of 28 U.S.C. § 2254(e)(2)(A) and (B) to receive a hearing and expand the record. The Petitioner cannot rely on § 2254(e)(2)(A)(i) to support his requests as he cites no new rule of law that applies to his case. If this Court is to grant the Petitioner's requests, he must meet both of the requirements of (e)(2)(A)(ii) and (e)(2)(B).

28 U.S.C. § 2254(e)(2)(A)(ii) requires the applicant to show that the claim relies on facts that could not have been previously discovered through due diligence. This reference to diligence in (A)(ii) "pertains to cases in which the facts could not have been discovered, whether there was diligence or not." *Williams*, 529 U.S. at 435. Here, Petitioner Hoffner presents no

-9-

Case No. 3:05-CV-00687
Gwin, J.

argument as to why he could not have previously discovered the facts he now seeks to include in the record, facts indicating Cocoves did not fail to raise issues on appeal for strategic reasons. The Court finds no reason to suggest that the Petitioner would not have known to or could not have requested an evidentiary hearing or offered Cocoves' affidavit in the state court proceedings to discover and present these facts.  Therefore, the Court finds that the Petitioner fails to meet the requirement of 28 U.S.C. § 2254(e)(2)(A)(ii).

Even if the Petitioner could satisfy the requirements of (e)(2)(A)(ii), he fails to satisfy the requirements of (e)(2)(B) and thus the Court must deny his requests.  Under 28 U.S.C. § 2254(e)(2)(B), the Petitioner must show that the facts underlying his claim would establish, by clear and convincing evidence, that "but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  Again, the Petitioner fails to present any argument on this point.  Moreover, in his habeas petition, Hoffner "does not dispute his participation in the death of Christopher Hammer," and in fact, "acknowledges as much."  [Doc. 29-1.]  Given such admissions and Hoffner's lack of argument, the Court cannot find that Hoffner has met his burden to show that "no reasonable factfinder would have found the applicant guilty of the underlying offense."

Thus, the Court finds no basis for granting the Petitioner's requests for an evidentiary hearing and the opportunity to expand the record with the affidavit of Spiros Cocoves.

Case No. 3:05-CV-00687
Gwin, J.

## IV.  Conclusion

For the reasons stated above, the Court **DENIES** the Petitioner's requests for an evidentiary hearing and to expand the record with the affidavit of Spiros Cocoves.

IT IS SO ORDERED.


Dated: October 29, 2007                               *s/  James S. Gwin*
                                                                                  JAMES S. GWIN
                                                                                  UNITED STATES DISTRICT JUDGE