UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

TIMOTHY HOFFNER,

        Petitioner,

vs.

MARARET BRADSHAW
*Warden*,

        Respondent.

-------------------------------------------------------

CASE NO. 05-CV-00687

OPINION & ORDER
[Resolving Docs. 103, 104, 105]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 6, 2006, Petitioner Timothy Hoffner filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2554.[1] On July 23, 2008, this Court denied Petitioner Hoffner's petition.[2] On September 6, 2016, Petitioner moved this Court to authorize and fund Petitioner's forthcoming state court litigation attacking his conviction.[3] Apparently, the Petitioner plans to file a motion to reopen his direct appeal under Ohio App. R. 26(B) and a successive state post-conviction petition under Ohio. Rev. Code Ann. § 2953.23.[4]

Petitioner argues that he is entitled to federally-funded counsel under 18 U.S.C. § 3599(e) to pursue his post-conviction state court proceedings. But § 3599 "does not authorize federal funding for this type of proceeding."[5] Where a federal habeas proceeding has concluded—as it has here—and Petitioner pursues "the commencement of new judicial proceedings," § 3599 does

---

[1] Doc. 29.
[2] Doc. 87. Defendant's appeal to the Sixth Circuit and petition for writ of certiorari to the Supreme Court were both denied. Docs. 93, 96.
[3] Doc. 103. Respondent opposed. Doc. 104. Petitioner replied. Doc. 105.
[4] Doc. 103 at 3.
[5] *Irick v. Bell*, 636 F.3d 289, 292 (6th Cir. 2011).

Case No. 05-cv-00687
Gwin, J.

not apply.[6] Especially when the State of Ohio provides compensation for persons representing indigent defendants in state post-conviction proceedings.

Therefore, Petitioner's motion for authorization for habeas counsel to conduct state court litigation is **DENIED.**

IT IS SO ORDERED.


Dated: September 26, 2016          *s/ James S. Gwin*
         JAMES S. GWIN
         UNITED STATES DISTRICT JUDGE

---

[6] *Id*; *see also* Hill v. Anderson, No. 4:96 CV 00795, 2014 WL 2882905, at *2 (N.D. Ohio June 25, 2014) (denying a request for § 3599 funding where the court had "ruled on [Petitioner's habeas] claims" and the habeas "petition [was] no longer within [the] Court's jurisdiction").